## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, | Civil Action No. 20-cv-00838 |
| Plaintiffs, | |
| v. | Hon. Jennifer P. Wilson United States District Judge |
| ALTA MARCELLUS DEVELOPMENT, LLC, ARD OPERATING, LLC, INTERNATIONAL DEVELOPMENT CORP., and SWN PRODUCTION COMPANY, LLC, | Electronically Filed |
| Defendants. | |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS FILED BY ALTA MARCELLUS DEVELOPMENT, LLC AND ARD OPERATING, LLC

Justin G. Weber (PA 89266)
TROUTMAN PEPPER
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Justin.Weber@troutman.com

Laura A. Lange
Pa. Id. No. 310733
1670 Sturbridge Drive
Sewickley, PA 15143
lange@proctortrust.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

**INTRODUCTION**................................................................................1

**QUESTION INVOLVED**.....................................................................2

**ARGUMENT**.......................................................................................2

    **I.**     **Because an Action in Ejectment Will Not Lie with Respect to the 20 Tracts, the PHT Can Bring Its Claim under Rule 1061(b)(2).** ...........................................................................2

    **II.**    **The Right to Possess the Land Does Not Preclude a 1061(b)(2) Claim.**...........................................................5

**CONCLUSION**....................................................................................8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*C.f. Trabal v. Wells Fargo Armored Serv. Corp.*,
    269 F.3d 243 (3d Cir. 2001) ....................................................................6

*Commonwealth v. Romero*,
    183 A.3d 364 (Pa. 2018)........................................................................6

*Grossman v. Hill*,
    122 A.2d 69 (Pa. 1956).........................................................................7

*Hanson v. Berenfield*,
    24 Pa. D. & C.2d 361 (Pa. Com. Pl. 1961).........................................5

*Hicks v. Am. Nat. Gas Co.*,
    57 A. 55 (Pa. 1904)..............................................................................3

*Hoffman v. Arcelormittal Pristine Res., Inc.*,
    No. 11CV0322, 2011 WL 1791709 (W.D. Pa. May 10, 2011)...........4

*Kendall v. Anadarko E&P Onshore LLC*,
    No. CV 3:16-1182, 2019 WL 1368629 (M.D. Pa. Mar. 26, 2019) .....6

*Seven Springs Farm, Inc. v. King*,
    344 A.2d 641 (Pa. Super. 1975) ..........................................................3

*Siskos v. Britz*,
    790 A.2d 1000 (Pa. 2002)......................................................3, 5, 6, 7

*Westmoreland & Cambria Nat. Gas Co. v. De Witt*,
    130 Pa. 235, 18 A. 724 (Pa. 1889).......................................................4

**Other Authorities**

Pennsylvania Rule of Civil Procedure 1061 ....................................................*passim*

## INTRODUCTION

The Thomas E. Proctor Heirs Trust ("PHT") is an owner of the subsurface estate of 44 tracts of land at issue in this action.  The second amended complaint raises six causes of action, including an action to quiet title under Pennsylvania Rule of Civil Procedure 1061, to clear the PHT's title to the subsurface estate of these tracts against competing claims by Defendants Alta Marcellus Development and ARD Operating, LLC (collectively the "Alta Defendants"), International Development Corporation ("IDC"), SWN Production Company, LLC ("SWN"). IDC and SWN have both answered the complaint.  The Alta Defendants filed a motion to dismiss limited to an alternative theory of relief under the PHT's quiet title cause of action.[1]  This motion seeks to dismiss 20 tracts from the PHT's quiet title claim brought under Rule 1061(b)(2) on the grounds that the PHT asserts the exclusive right to possess these 20 tracts.

However, the "right to possess" land does not preclude recovery under Rule 1061(b)(2).  Instead, Rule 1061(b)(2) permits a quiet title action "where an action of ejectment will not lie."  The facts set forth in the complaint establish that no action in ejectment can be brought for the 20 tracts at issue in the motion.  Indeed,

---

[1] The PHT brings a quiet title action under Rule 1061(b)(3) for all 44 tracts of land involved in the case and an additional claim under 1061(b)(2) for 42 tracts of land, which exclude the tracts in which there is actual production of gas.  The Alta Defendants do not seek to dismiss the quiet title claim brought under Rule 1061(b)(3).

the Alta Defendants do not assert that the PHT can bring an action in ejectment

with respect to the 20 tracts.  They ask this Court to ignore the plain language of

Rule 1061(b)(2) and improperly restrict its broad-sweeping application.  Because

Rule 1061(b)(2) permits a quiet title action where no action in ejectment can be

brought, the PHT's claim is proper.  Accordingly, the Court should deny the Alta

Defendants' motion to dismiss.

## QUESTION INVOLVED

Does the PHT state a claim for a quiet title action under Rule 1061(b)(2)

where an action in ejectment will not lie?

Suggested Answer:  Yes.

## ARGUMENT

**I.    Because an Action in Ejectment Will Not Lie with Respect to the 20 Tracts, the PHT Can Bring Its Claim under Rule 1061(b)(2).**

Under Pennsylvania law, actions to quiet title may be brought under four

subsections of Rule 1061(b) of the Pennsylvania Rules of Civil Procedure.

Subsection 1061(b)(2) provides that an action may be brought under it "where an

action of ejectment will not lie, to determine any right, lien, title or interest in the

land or determine the validity or discharge of any document, obligation or deed

affecting any right, lien, title or interest in land."  Pa. R. Civ. P. 1061(b)(2).  Thus,

all that is required for a claim to proceed under Rule 1061(b)(2) is determining that "an action in ejectment will not lie."

"Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a *defendant who has actual possession*."  *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002) (emphasis added); *see id.* ("A court only has jurisdiction over an Action in Ejectment if the defendant possesses the land and the plaintiff has the right to possess.").  Thus, in order for an action in ejectment to lie, the defendant must be in possession of the property.  In addition, where a plaintiff is in possession of the property and the defendant is out of possession, the plaintiff can bring an action under Rule 1061(b)(1) to compel the defendant to initiate an action in ejectment.  *See id.* (reciting Rule 1061(b)(1)); *Seven Springs Farm, Inc. v. King*, 344 A.2d 641, 644 (Pa. Super. 1975).  Therefore, possession of the property by a party is essential to an action in ejectment.  *Siskos*, 790 A.2d at 1008 ("Ejectment is a possessory action only…").  If nobody possesses the land, "an action in ejectment will not lie."  Pa. R. Civ. P. 1061(b)(2).

In the unique situation of severed subsurface oil, gas and mineral rights, Pennsylvania courts have found "possession" exists only when the minerals are "in grasp," where extraction of the oil, gas and minerals is occurring.  *See e.g., Hicks v. Am. Nat. Gas Co.*, 57 A. 55, 58 (Pa. 1904) (finding possession where "a well, which had tapped the gas-bearing strata" was put in and the party had it in its

control); *Westmoreland & Cambria Nat. Gas Co. v. De Witt*, 130 Pa. 235, 250, 18 A. 724, 725 (Pa. 1889) ("the one who controls the gas—has it in his grasp, so to speak—is the one who has possession in the legal as well as in the ordinary sense of the word."); *see also Hoffman v. Arcelormittal Pristine Res., Inc.*, No. 11CV0322, 2011 WL 1791709, at *6-7 (W.D. Pa. May 10, 2011) (explaining for adverse possession claim of severed subsurface rights that leasing the subsurface is insufficient to establish possession and there is no "possession of the mineral estate *unless* there is an *actual* entry upon and use of the underlying minerals for the requisite time period.").

In this case, the PHT alleges that Defendant ARD Operating LLC is producing gas from only two of the Proctor 100% Interest Lands – Rowland Perry and James Reynolds – the Ejectment Warrants.  (SAC ¶ 155.)  The complaint excludes the Ejectment Warrants from the 1061(b)(2) claim.  (SAC ¶ 176.) Defendants are not producing oil, gas or minerals from the remaining 20 warrants comprising the Proctor 100% Interest Lands that are at issue in this motion.  (SAC ¶¶ 155, 177-78.)  Therefore, Defendants are not in possession of the oil, gas or minerals for those 20 tracts.  Similarly, the PHT is not producing any oil, gas or minerals from any of the warrants within the Premises and is, therefore, not in possession of the subsurface estate.  (*Id.* at ¶ 156.)

Because neither the PHT nor Defendants are producing oil, gas or minerals from the 20 tracts at issue in this motion, no party is in "possession" of the subsurface estate of those tracts. It is akin to vacant land. "[W]here the land is vacant and unimproved and neither party has physical possession" the plaintiff can proceed to quiet title under Rule 1061(b)(2). *Hanson v. Berenfield*, 24 Pa. D. & C.2d 361, 374 (Pa. Com. Pl. 1961).[2]  Therefore, because no party possesses the subsurface estate of the 20 tracts at issue, an action in ejectment will not lie. *Siskos*, 790 A.2d at 1008. Accordingly, the PHT's claim under 1061(b)(2) is appropriate.

## II. The Right to Possess the Land Does Not Preclude a 1061(b)(2) Claim.

The Alta Defendants' motion rests entirely on the belief that an action under 1061(b)(2) cannot exist where the plaintiff has the right to possess the land. Although the Court in *Siskos* stated in dicta that a party "will file a Rule 1061(b)(2)" action when she "does not have the right to possess the land," the

---

[2] Although the *Hanson* case is a common pleas court decision, it is the only decision counsel could locate applying Rule 1061 to vacant or unpossessed land. The timing of the decision is shortly after the adoption of Rule 1061 so it provides an insightful analysis into the transition from the historical avenues of quieting title to the consolidated method under Rule 1061. In *Hanson*, the court explained that prior to the adoption of Rule 1061, where there was no actual possession, a party would have had to proceed in equity, but the adoption of Rule 1061(b)(2) allowed a plaintiff to bring an action to quiet title. *Id.* at 374-75.

Court did not state that was the only circumstances in which a 1061(b)(2) claim could be brought.  790 A.2d at 1006.  Indeed, the Court appears to be theorizing the general circumstances in which a plaintiff would bring a (b)(2) action by simply negating each requirement of an action in ejectment.  *Id.*[3]  The Court does not cite any supporting caselaw, referencing only the Standard Pennsylvania Practice manual, thus, relying upon the Court's dicta is "ill-advised." *Commonwealth v. Romero*, 183 A.3d 364, 400 (Pa. 2018) (explaining that "*dicta often present risks of unforeseen complications and unintended consequences, which is why reliance upon them to resolve those same complications can be difficult to justify, if not ill-advised.*").

Notably, later in the opinion, the Court cited an additional circumstance in which a 1061(b)(2) action would be appropriate – demonstrating that the "no right to possess" language is only a circumstance, not a requirement.[4]  The Court

---

[3] The PHT notes that not every element of a cause of action must be negated to have the claim fail.  Instead, if any one element of an ejectment claim cannot be met, then an ejectment action "will not lie."  *C.f. Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 248 (3d Cir. 2001) ("Failure to prove any one of these four elements denies the plaintiff a cause of action.").

[4] The Alta Defendants rely on the decision in *Kendall v. Anadarko E&P Onshore LLC*, No. CV 3:16-1182, 2019 WL 1368629, at *3 (M.D. Pa. Mar. 26, 2019); however, in that case there was actual production of the natural gas and therefore, the defendant was in possession and ejectment was the proper course. Additionally, the parties did not brief the issue of whether the right to possess impacted the ability to maintain an action under 1061(b)(2) and therefore, never had the opportunity to address the dicta in *Siskos*.

explained that "where the plaintiff is not in possession and an Action in Ejectment brought by the defendant will not lie, a (b)(2) action would be appropriate." *Id.* at 1008. That is the circumstance in this case. The PHT is out of possession and Defendants could not bring an action in ejectment against the PHT. Therefore, under *Siskos*, the PHT's 1061(b)(2) action "would be appropriate." *Id.* Indeed, the very purpose of Rule 1061(b)(2) is to allow parties to determine a "right to an interest in land," which would include the right to possess the land.

Moreover, the *Siskos* Court's recognition of multiple circumstances in which a 1061(b)(2) action may be maintained comports with the plain language of the Rule. Indeed, in *Grossman v. Hill*, 122 A.2d 69, 71 (Pa. 1956), the Pennsylvania Supreme Court recognized that the plain language of Rule 1061(b)(2) controls. In that case, the Court recognized that ordinarily only a plaintiff in possession could maintain a quiet title action, and if out of possession "his sole remedy being an action in ejectment." *Id.* The Court explained, however, that Rule 1061(b)(2) altered the circumstances so that "where an action of ejectment is not available an action to quiet title may be maintained." *Id.* Thus, the critical inquiry under Rule 1061(b)(2) is whether an action in ejectment will lie.

As set forth above, no party can maintain an action in ejectment for the tracts at issue in Alta's motion. "[W]here an action of ejectment is not available an

action to quiet title may be maintained. Accordingly, the PHT's claim under 1061(b)(2) is proper.

## CONCLUSION

For the foregoing reasons, the PHT respectfully requests that the Court deny the Alta Defendants' motion to dismiss the quiet title claim under Rule 1061(b)(2).

Dated: November 11, 2020      Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange
Pa. ID No. 310733
1670 Sturbridge Drive
Sewickley, PA 15143
lange@proctortrust.com

Justin G. Weber (PA 89266)
TROUTMAN PEPPER
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Justin.Weber@troutman.com

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court today via the Court's CM/ECF, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system.


Dated:  November 11, 2020                    /s/ *Laura A. Lange*