IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MARCELLUS DEVELOPMENT, LLC, ARD OPERATING, LLC, INTERNATIONAL DEVELOPMENT CORP., and SWN PRODUCTION COMPANY, LLC,<br><br>Defendants. | Civil Action No. 20-cv-00838<br><br>Hon. Jennifer P. Wilson<br>United States District Judge |

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Plaintiffs, Trustees of the Thomas E. Proctor Heirs Trust (the "PHT"), identify the following material facts in support of their Motion for Partial Summary Judgment:

1. The PHT is a holder of the interests of the heirs of Thomas E. Proctor ("Proctor"), who died in December 1894. Declaration of Ann P. Hochberg, Ex. 1, at ¶¶ 2-3.

## I. The Proctor Loyalsock Holdings

2. Prior to October 1894, Proctor was the owner in fee of 44 tracts[1] of land, comprising in excess of 17,000 acres in Lycoming County and Sullivan County, Pennsylvania (the "Premises"). *See* Elk Tanning Deed, recorded in Lycoming County Deed Book 144 Page 398, Ex. 4; Proctor Title Source Deeds, Ex. 5.

3. Of the 44 tracts at issue, Proctor owned the entirety of 22 tracts ("Proctor 100% Interest Lands") and an undivided one-quarter interest in the remaining 22 tracts ("Proctor 1/4 Interest Lands"). Proctor Title Source Deeds, Ex. 5 at DB 105/57 (conveying 1/4 interest of "Russell Land" co-owned with Henry Spencer); Proctor-Elk Tanning Deed, Ex. 4 at PHT2862 (Tract Number Seven conveying surface estate of Proctor 1/4 Interest Lands).

4. The Proctor 100% Interest Lands are identified by the following warrant names:

        1) Hugh Lennox, McNett Township
        2) William Shaw, McNett Township
        3) Samuel Dale, McNett Township
        4) John Bayard, McNett Township
        5) Robert Smith, McNett Township
        6) William Barton, McNett Township
        7) Stephen Bayard, McNett Township
        8) Daniel Long, McNett Township

---

[1] The terms "tracts" and "warrants" are used interchangeably in the statement of facts and supporting brief.

9) Aaron Levy, McIntyre Township
10) John Singer, McIntyre Township (Asylum Land Company No. 410)
11) John Price, McIntyre Township (Asylum Land Company No. 418)
12) William Chancellor, McIntyre Township (Asylum Land Company No. 419)
13) Walter Stewart, McIntyre Township (Asylum Land Company No. 427)
14) Robert Shaw, McIntyre Township (Asylum Land Company No. 428)
15) Samuel Miles Jr., McIntyre Township (Asylum Land Company No. 434)
16) Jacob Morgan, McIntyre Township (Asylum Land Company No. 435)
17) William Stewart, McIntyre Township (Asylum Land Company No. 436)
18) Michael Gratz, McIntyre Township (Asylum Land Company No. 437)
19) Rowland Perry, Cascade Township
20) James Reynolds, Cascade Township
21) William James, Gamble Township
22) Michael Hillegas, Fox Township, Sullivan County

Ex. 5 at DB 89/510 & 89/580 (John Singer, John Price, William Chancellor, Walter Stewart, Robert Shaw, Samuel Miles Jr., Jacob Morgan, William Stewart, Michael Gratz), at DB 92/464 (Daniel Long), at DB 93/157 & 159 (William James), at DB 97/5 (Stephen Bayard), at DB 97/324 (Samuel Dale), at DB 101/536 (William Barton, Robert Smith and John Bayard), at DB 128/401 (Rowland Perry, James Reynolds and Aaron Levy), at Sullivan County DB 17/305 (Michael Hillegas).

3

5. The Proctor 1/4 Interest Lands are identified by the following warrant names:

1) Josiah Harmer, Cascade and McNett Townships
2) Mary Garity, Cascade and McNett Townships
3) Daniel Delaney, Cascade and McNett Townships
4) David George, McIntyre Township
5) Peter Miller, Cascade Township
6) Thomas George, Cascade Township
7) George Barclay, Cascade Township
8) George Tudor, Cascade Township
9) Joseph Thomas, Cascade Township
10) Joseph Fox, Cascade Township
11) Jonathan Supple, Cascade Township
12) Robert Rankin, Cascade and McIntyre Townships
13) Algernon Roberts, McIntyre Township
14) Edward George, Cascade Township
15) John Hawkins, Cascade Townships
16) William Lewis, Cascade and McNett Townships
17) Sampson Levy, Cascade Township
18) Clement Biddle, Cascade Township
19) Edward Tilgham, Cascade Township
20) Benjamin Smith, Cascade and McNett Townships
21) Jonathan Mifflin, Plunketts Creek Township
22) William Rawle, Cascade Township

Ex. 5 at DB 105/57; Ex. 4 at PHT2862.

6. By deed dated October 2, 1894 (the "Elk Tanning Deed"), Thomas E. Proctor and his wife Emma H. Proctor, conveyed the surface estate of the entirety of Proctor's properties situated in Lycoming County and portions of Proctor's properties situated in Sullivan County, including the Premises, to the Elk Tanning Company ("Elk Tanning") excepting and reserving (hereinafter, "the Proctor

4

Reservation") unto Proctor, his heirs and assigns "all the natural gas, coal, coal oil, petroleum, marble and all minerals of every kind and character in, upon, or under the said land…." Elk Tanning Deed, Ex. 4.

7. Through the Proctor Reservation in the Elk Tanning Deed, Proctor reserved unto himself and his heirs the subsurface estate of the Premises, including the natural gas ("the Subsurface Estate"). Elk Tanning Deed, Ex. 4 at PHT2886.

8. The Elk Tanning Deed was recorded in Lycoming County on January 23, 1895 in Deed Book 144 Page 398. Elk Tanning Deed, Ex. 4 at PHT2888.

9. Shortly after conveying the surface estate of the Premises to Elk Tanning, Thomas E. Proctor died in December 1894, leaving the Subsurface Estate to his heirs. Ex. 1, Hochberg Decl. ¶ 2; Certified Copy of Proctor Will, Ex. 6.

10. Proctor's will was registered with the Lycoming County Register of Wills on September 17, 1895 in Will Book 8, Page 253. Certified Copy of Proctor Will, Ex. 6.

## II. CPLC Becomes a Cotenant of the Proctor Subsurface Estate for the Proctor 1/4 Interest Lands

11. After acquiring the surface estate of the Proctor 1/4 Interest Lands, in or about 1899, Elk Tanning acquired the remaining 3/4 interest, including a 3/4

interest in the subsurface estate, in those 22 tracts. Lycoming County Deed Book 163 Page 303.[2]

12. Following this transaction, Elk Tanning owned 100% of the interest in the surface estate and an undivided three-quarter (3/4) interest in the subsurface estate for the Proctor 1/4 Interest Lands. *Id.*

13. Following Elk Tanning's acquisition of the undivided 3/4 interest of these 22 tracts, the Proctor heirs and Elk Tanning were cotenants of the Subsurface Estate of the Proctor 1/4 Interest Lands. *Id.*; Ex. 5, Proctor Source Deeds at DB 105/57.

14. By deed dated May 25, 1903 (the "Elk-CPLC Deed"), Elk Tanning conveyed certain interests with respect to the Premises to the Central Pennsylvania Lumber Company ("CPLC"). The Elk-CPLC Deed was recorded at Lycoming County Deed Book 183 at page 328. Elk-CPLC Deed, Ex. 7.

15. The Elk-CPLC Deed reserved the tree bark to Elk Tanning and was made subject to "all the exceptions, reservations, covenants, stipulations, agreements and conditions hereinbefore stated," including the Proctor Reservation. Elk-CPLC Deed, Ex. 7.

---

[2] The Court can take judicial notice of publicly recorded deeds. *Gagliardi v. Kratzenberg*, 188 F. App'x 86, 89 (3d Cir. 2006) ("We may take judicial notice of public records, such as the publicly recorded deeds….").

16. After acquiring Elk Tanning's 3/4 interest in the Subsurface Estate of the Proctor 1/4 Interest Lands, CPLC and the Proctor heirs were cotenants of the Subsurface Estate for those 22 tracts of land. *Id.*

### III. The Proctor Subsurface Estate Was Separately Assessed

17. The Lycoming County assessment records reflect the separate assessment and payment of taxes on the Proctor Subsurface Estate in McIntyre township beginning in 1900 and identify the owners as the Proctor heirs beginning in 1904. Lycoming County Assessment Records, Ex. 8 at PHT0142 (1900 separate assessment of minerals marked as paid); *id.* at PHT0163 (1904 separate assessment of minerals identifying Proctor heirs as owners).

18. Beginning no later than 1905,[3] the assessment records for McIntyre Township contain separate assessments of the Subsurface Estate on 23 tracts of land and lists the owners as "Emma E. Proctor, James Proctor, Thomas Proctor and others. Owners of the Heirs named 23 tracts of unseated lands, Mineral Rights." McIntyre Township Assessment Records, Ex. 9 at PHT1981.

19. The preamble to the assessment states:

The following tracts of land are assessed to the undersigned as owners of 1905 all coal, ores, oils, salt, water minerals, quarrying stone,

---

[3] The earliest records of the McIntyre Township assessment books that have been located are maintained by the Lycoming County Historical Society at the Taber Museum in Williamsport and begin in 1905. Declaration of Gregory Gass, Ex. 2, at ¶ 9.

marble on, in, and under the tracts of unseated lands situate on, in, and under the tracts of unseated lands situated in McIntyre Township for description of reserve of all minerals Refer to Recorders Office of Lycoming County in Deed Book 144 page 398.

*Id.*

20. The Deed recorded in the Lycoming County deed records at volume 144, page 398, conveys the surface estate of the entirety of Proctor's property in Lycoming County, including the Premises, from Proctor to Elk Tanning, and contains the Proctor Reservation that applies to all tracts of land subject to the deed. Ex. 4.

21. Within the Premises, the separately assessed subsurface tracts include the following 10 tracts (the "Separately Assessed Properties"):

1) William Chancellor
2) David George
3) Michael Gratz
4) Samuel Miles Jr.
5) Jacob Morgan
6) John Price
7) Robert Shaw
8) John Singer
9) Walter Stewart
10) William Stewart

McIntyre Township Assessments, Ex. 9 at PHT 1995 (1907 separate assessment of Proctor Subsurface Estate).

8

## IV. CPLC'S Tax Sales of the Surface Estate

22. Between 1908 and 1928, CPLC allowed hundreds of its properties to be sold at tax sales. 1910 McCauley Quitclaim deed, Ex. 10 (quitclaiming 56 Lycoming County tracts containing 23,626 acres to CPLC); 1928 Jones Quitclaim Deed, Ex. 11 (quitclaiming 43 Lycoming County tracts containing over 12,000 acres); *see also* 1909 McCauley quitclaim deed, recorded at Lycoming County Deed Book 203, Page 269 (quitclaiming 41 Lycoming County tracts containing 13,569 acres); 1931 Jones quitclaim deed, recorded at Lycoming County Deed Book 271, Page 172 (quitclaiming 46 Lycoming County tracts containing 16,067 acres).

23. With respect to the Premises, CPLC allowed 40 of the 44 tracts to go through a tax sale between 1908 and 1928. *See* Exs. 10-11.

24. The following warrants at issue in this case did not go through a tax sale during CPLC's ownership of the surface estate of the warrant (the "No Sale Properties"):

      1) Josiah Harmer
      2) Peter Miller
      3) Mary Garity
      4) Daniel Delaney

*See* Exs. 5, 10-11.

25. 10 of the 40 tracts subject to a CPLC tax sale were the Separately Assessed Properties. *Compare* Ex. 9 at PHT1995 *with* Exs. 10 and 11.

26. Additionally, the following 17 tracts subject to a tax sale were owned by CPLC and the Proctor heirs as cotenants of the Subsurface Estate (the "Cotenant Properties"):[4]

    1) Benjamin Smith
    2) William Lewis
    3) Robert Rankin
    4) Joseph Thomas
    5) George Barclay
    6) Thomas George
    7) William Rawle
    8) Clement Biddle
    9) Joseph Fox
    10) Edward George
    11) John Hawkins
    12) Edward Tilghman
    13) George Tudor
    14) Sampson Levy
    15) Jonathan Mifflin
    16) Jonathan Supple
    17) Algernon Roberts

Proctor-Elk Tanning Deed, Ex. 4, at PHT2862 (Tract Number Seven conveying surface estate of Proctor 1/4 Interest Lands); Jones Quitclaim Deed, Ex. 11.

---

[4] CPLC and the Proctor heirs were also cotenants of the Subsurface Estate of the warrants that comprise the No Sale Properties and the David George warrant. The Subsurface Estate of the David George warrant was separately assessed; therefore, it is included in the Separately Assessed Properties.

27. For the 40 tracts within the Premises that went through tax sales, CPLC's attorneys, Calvin H. McCauley, Jr. and A.F. Jones, purchased the tracts at the tax sales.  McCauley Quitclaim Deed, Ex. 10; Jones Quitclaim Deed, Ex. 11; *Williamsport Sun*, February 7, 1908, Ex. 12 (McCauley "appointed assistant general solicitor for the Central Pennsylvania Lumber company"); *The Potter Enterprise,* Dec. 14, 1922, Ex. 13 (Jones appointed general solicitor of Elk Tanning and allied companies); January 4, 1924 letter from A.F. Jones to John E. Potter, Ex. 14 (identifying himself as the "General Solicitor" of the "Central Pennsylvania Lumber Co.").

28. McCauley and Jones later quitclaimed all of the 40 properties they purportedly purchased at tax sales back to CPLC.  Exs. 10-11.

## V. CPLC's Sale of the Surface Estate

29. In 1933, the Commonwealth of Pennsylvania, through its Department of Forests and Waters, purchased the surface estate of the Premises and several other properties owned by CPLC.  CPLC-Commonwealth Deed, Ex. 15.

30. The deed from CPLC to the Commonwealth provides that it is subject to the reservations of the various deeds into CPLC, including the Proctor Reservation.  CPLC-Commonwealth Deed, Ex. 15.

31. Specifically, the deed states:

> Excepting and reserving however, to the Grantors in the following deeds, and to their heirs and assigns, any rights and interests presently held as fully as reserved therein: From Thomas E. Proctor to the Elk Tanning Company dated October 2, 1894, and recorded in Lycoming County in Deed Book 144, page 398….

*Id.*

32. The deed also created a new reservation in favor of CPLC, excepting and reserving unto itself any oil, coal and gas then owned by CPLC. CPLC-Commonwealth Deed, Ex. 15.

33. With respect to the Premises, at the time of the 1933 sale, CPLC owned only the undivided 3/4 interest in the subsurface of the Proctor 1/4 Interest Lands. *See supra* ¶¶ 11-16.

## VI. The 1930s Tax Sales of CPLC's "Mineral" Interests and Redemptions

34. Following its purchase of the surface estate of the Premises, the Commonwealth reported its ownership of the surface estate to the Lycoming County and Sullivan County taxing authorities so that the lands would be removed from the tax rolls. Commonwealth Letter to County, Ex. 16; *see also* McIntyre Township Assessment Records, Ex. 9 at PHT2121 (noting "X sold to state see CPLCo. Letter 12/21-32").

35. Following this notification, Lycoming County assessed the "mineral rights" of 39 of the 44 tracts contained within the Premises (the "Mineral Rights

12

Assessments") in the name of CPLC.[5]  County Assessment Records, Ex. 8 at PHT0223, 225, 227; *see also* McIntyre Township Assessment Records, Ex. 9 at PHT2130, 35-36.

36.   At the time of the Mineral Rights Assessments, CPLC owned only a 3/4 interest in the Subsurface Estate of 21 of the 39 tracts assessed, the tracts contained within the Proctor 1/4 Interest Lands.[6]  *See supra* ¶¶ 11-16.

37.   The Mineral Rights Assessments did not assess the Proctor heirs' interest in the Subsurface Estate.  County Assessment Records, Ex. 8 at PHT0223, 225, 227.

38.   The taxes assessed to CPLC went unpaid and the properties proceeded to tax sales.  No tax sale purchaser bid on the properties and CPLC's purported interests were ultimately acquired by the County Commissioners in a series of deeds in 1936 and 1938.  Certified Copies of Redeemed Tax Sale Deeds, Ex. 18.

---

[5] Lycoming county did not assess the "mineral rights" of the William Barton, William Shaw, Samuel Miles Jr. and Jonathan Mifflin warrants.  Tax deeds were issued with similar warrant names of "Samuel Mills" and "John Mifflin," however, those similar names reflect separate warrant tracts.  The Samuel "Miles" warrant borders the Samuel Miles Jr. tract to the north and the John Mifflin tract borders the Jonathan Mifflin tract to the south.  *See* CPLC-Commonwealth Survey, Ex. 17.  As noted below, the tax sales of both of these tracts were redeemed resulting in no change in title.

[6] See Proctor 1/4 Interest Lands in the Mineral Rights Assessments table below.

39. The 1936 and 1938 tax sale deeds are located in the following Lycoming County deed books:

| Warrant Name | | | Lycoming County Deed Book |
|---|---|---|---|
| **Proctor 100% Lands** | | | |
| 1 | John | Bayard | DB 283, P 287 |
| 2 | Stephen | Bayard | DB 283, P 279; DB 283, P 280 |
| 3 | William | Chancellor | DB 283, P 273 |
| 4 | Samuel | Dale | DB 283, P 287-88; DB 305, 584 |
| 5 | Michael | Gratz | DB 283, P 286; DB 283, P 289 |
| 6 | William | James[7] | DB 283, P 285-86 |
| 7 | Hugh | Lennox | DB 283, P 289 |
| 8 | Aaron | Levy | DB 283, P 290 |
| 9 | Daniel | Long | DB 283, P 277; DB 283, P 285 |
| 10 | Jacob | Morgan | DB 283, P 281-82 |
| 11 | Rowland | Perry | DB 283, P 284-85; DB 305, P 586 |
| 12 | John | Price | DB 283, P 284-85 |
| 13 | James | Reynolds | DB 283, P 281; DB 305, P 597 |
| 14 | Robert | Shaw | DB 283, P 284 |
| 15 | John | Singer | DB 283, P 283 |
| 16 | Robert | Smith | DB 283, P 282-83; DB 283, P 274 |
| 17 | Walter | Stewart | DB 283, P 280-81 |
| 18 | William | Stewart | DB 283, 276 |
| | | | |
| **Proctor 1/4 Interest Lands** | | | |
| 1 | George | Barclay | DB 305, P 582 |
| 2 | Clement | Biddle | DB 305, P 582 |
| 3 | Daniel | Delaney | DB 283, P 279; DB 305, P 584 |
| 4 | Joseph | Fox | DB 305, P 585 |

---

[7] The tax deed references James Williams, which is a different tract.

| 5  | Mary     | Garity  | DB 305, P 581 |
|----|----------|---------|---------------|
| 6  | David    | George  | DB 283, P 288-89; DB 305, P 591 |
| 7  | Edward   | George  | DB 305, P 590 |
| 8  | Thomas   | George  | DB 283, P 287; DB 305, P 590 |
| 9  | Josiah   | Harmer[8] | DB 305, 589 |
| 10 | John     | Hawkins | DB 305, P 589 |
| 11 | Sampson  | Levy    | DB 305, P 596 |
| 12 | William  | Lewis   | DB 305, P 588 |
| 13 | Peter    | Miller  | DB 305, P 587 |
| 14 | Robert   | Rankin  | DB 305, P 586; DB 283, P 275 |
| 15 | William  | Rawle   | DB 305, P 598 |
| 16 | Algernon | Roberts | DB 283, P 282 |
| 17 | Benjamin | Smith   | DB 305, P 596 |
| 18 | Jonathan | Supple[9] | DB 305, P 595 |
| 19 | Joseph   | Thomas  | DB 305, P 594 |
| 20 | Edward   | Tilghman| DB 305, P 594 |
| 21 | George   | Tudor   | DB 305, P 593 |

40. All of the 1936 and 1938 tax sales were redeemed on or about April 28, 1950. Certified Copies of Redeemed Tax Sale Deeds, Ex. 18.

41. All of the 1936 and 1938 tax sale deeds are stamped "REDEEMED," signed by the County Treasurer, and attested to by the Recorder of Deeds. Certified Copies of Redeemed Tax Sale Deeds, Ex. 18.

---

[8] The tax deed incorrectly references Josiah Harmon.

[9] The tax deed incorrectly references Jonathan Suppler.

## VII.   Defendants Alta and IDC Acquire CPLC's Interests

42.   Over a decade later, CPLC's successor in interest, Keta Oil and Gas, had its assets liquidated in bankruptcy proceedings in which, the bankruptcy trustee issued a quitclaim deed of any purported oil, gas and mineral interests Keta had to Astra Oil & Gas Corporation.  The Keta Bankruptcy Deed is recorded at Lycoming County Deed Book 517 Page 649.

43.   Clarence W. Moore ultimately obtained the purported Keta oil and gas assets from Astra (then known as KGA Industries).   Lycoming County Deed Book 755 Page 003 and Deed Book 1063 Page 330.

44.   Defendants Alta and IDC claim their interests in the Premises through Moore.  *See infra* ¶¶ 44 and 45.

45.   Defendant Alta Marcellus Development, LLC claims its purported interest through following transactions:

    a.   In 1984, Moore quitclaimed an undivided 50% interest in any gas, oil, and mineral rights Moore may have in the Premises to Kenneth F. Yates, who was Moore's attorney in the litigation against the Commonwealth.  Lycoming County Deed Book 1550 Page 283.

    b.   In October 1992, Yates quitclaimed any oil, gas and mineral rights that Yates may have had to Pennlyco Ltd.  Lycoming County Deed Book 1953 Page 155.

       c.      In 2006, Pennlyco Ltd. transferred all of its purported interests to Anadarko E&P Company LP.  Lycoming County Deed Book 5699 Page 83.

       d.      In 2016, Anadarko E&P Company LP transferred all of its purported interests to Alta Marcellus Development, LLC. Lycoming County Deed Book 9129 Page 3148.

46.    Defendant International Development Corporation obtained a quitclaim deed from Moore's estate in 2000 for the other undivided 50% interest in any gas, oil and mineral rights that the estate may have had in the Commonwealth of Pennsylvania.  Bradford County Instrument Number 200012145.

           Respectfully submitted,

           */s/ Laura A. Lange*
           Laura A. Lange (PA 310733)
           1670 Sturbridge Drive
           Sewickley, PA 15143
           lange@proctortrust.com

           Justin G. Weber (PA 89266)
           TROUTMAN PEPPER
           Suite 200, 100 Market Street
           P.O. Box 1181
           Harrisburg, PA 17108-1181
           717.255.1155
           717.238.0575 (fax)
           Justin.Weber@troutman.com

           *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court today via the Court's CM/ECF, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system.

Dated:  January 8, 2021          /s/ *Laura A. Lange*