IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, | Civil Action No. 20-cv-00838 |
| Plaintiffs, | Hon. Jennifer P. Wilson United States District Judge |
| v. | |
| ALTA MARCELLUS DEVELOPMENT, LLC, ARD OPERATING, LLC, INTERNATIONAL DEVELOPMENT CORP., and SWN PRODUCTION COMPANY, LLC, | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
MOTION TO DROP A PARTY PURSUANT TO RULE 21**

Plaintiffs Charles Rice Kendall and Ann P. Hochberg filed this action in their capacities as trustees of the Thomas E. Proctor Heirs Trust (the "PHT") against Defendants International Development Corporation ("IDC"), SWN Production Company, LLC ("SWN"), Alta Marcellus Development, LLC and ARD Operating, LLC ("Alta") to quiet title to the subsurface rights of 44 tracts of land in Pennsylvania. The Parties have been litigating this case for almost a year. A few weeks before the original close of discovery, Plaintiffs filed a motion for partial summary judgment seeking to resolve issues for 31 of the 44 tracts with the goal of narrowing the issues.

1

After Plaintiffs filed the motion for partial summary judgment, the Alta Defendants, for the first time, raised the possibility that they may not be diverse from each of the Plaintiffs. Subsequently, the Alta Defendants asserted that an individual residing in Massachusetts – the same state in which Plaintiff Hochberg resides –is a partner of a partnership that is a member of an investing group that is a member of the parent of the Alta Defendants.

To avoid jurisdictional discovery and cure any alleged jurisdictional defect, Plaintiffs seek to drop Plaintiff Hochberg pursuant to Rule 21. This Rule allows courts to dismiss non-diverse parties who are not indispensable to save the Court's jurisdiction. As set forth below, Plaintiff Hochberg is not an indispensable – or even necessary – party to this action. Therefore, the "considerations of efficiency, fairness, and judicial economy weigh against a wholesale dismissal of the action." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420–21 (3d Cir. 2010).

## Statement of Procedural History and Facts

On May 22, 2020, Plaintiffs, the two co-trustees of the PHT, initiated this action by filing a complaint against Defendants Alta Marcellus Development LLC, ARD Operating, LLC (collectively the "Alta Defendants"), International Development Corporation ("IDC") and SWN Production Company, LLC ("SWN"), regarding the ownership of the subsurface rights of 44 tracts of land in Lycoming and Sullivan counties. Defendants IDC and SWN filed answers to the

complaint, but the Alta Defendants moved to dismiss on grounds of lack of specificity and filed a motion to reassign the case. Plaintiffs amended the complaint on two occasions to address the Alta Defendants' concerns. The operative Second Amended Complaint was filed on October 9, 2020. (ECF No. 43). Defendants IDC and SWN filed answers (ECF Nos. 47-48), but the Alta Defendants moved to dismiss an alternative theory of relief under Count II, the quiet title claim. (ECF No. 52).

SWN served discovery requests to Plaintiffs on September 3, 2020. Plaintiffs served their discovery requests to all Defendants on September 16, 2020.[1] The Alta Defendants and IDC served their discovery requests on Plaintiffs on or about December 29, 2020 and December 30, 2020, respectively. The parties filed a stipulated protective order, which the Court entered on January 12, 2021. (ECF No. 62).

During the case management conference with Judge Conner, Plaintiffs raised their intent of filing an early motion for partial summary judgment with respect to certain categories of tracts. On January 8, 2021, Plaintiffs filed a motion for partial summary judgment with respect to 31 of the 44 tracts of land. (ECF No.

---

[1] The Alta Defendants have not produced documents in response to the discovery requests, at first citing the need for entry of the protective order and now declining to do so based on their position that the Court lacks subject matter jurisdiction.

58.) On January 14, 2021, the Court held a conference to address the case deadlines and entered a modified scheduling order. During the conference with the Court, the Alta Defendants raised the possibility of the absence of diversity jurisdiction.

Plaintiffs seek to cure any alleged jurisdictional defect by dropping Plaintiff Hochberg. Plaintiff Hochberg has provided her consent to her co-trustee, Plaintiff Kendall, to act as sole plaintiff and trustee with respect to this action. *See* Ex. 1 to Motion.

## QUESTIONS INVOLVED

1. Whether the Court may drop Plaintiff Hochberg to cure the alleged jurisdictional defect?

Suggested Answer: Yes.

2. Whether the Plaintiff Hochberg is a dispensable party?

Suggested Answer: Yes.

## ARGUMENT

**I. Rule 21 Permits the Court to Drop a Nondiverse Party to Remedy a Jurisdictional Defect.**

When the parties to an action are not completely diverse, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-*

*Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 382 n.6 (3d Cir. 2004) ("[I]t is well established that courts, both district and circuit alike, have the power under Fed. R. Civ. P. 21 to dismiss dispensable parties to the suit in order to preserve diversity."). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Rule may "be invoked to prevent prejudice or promote judicial efficiency." *Zamichieli v. DelBalso*, No. 17-1898, 2018 WL 3727416, at \*2 (M.D. Pa. Aug. 6, 2018).

This Rule allows a district court to dismiss so-called "jurisdictional spoilers" – parties whose presence in the litigation destroys jurisdiction – if those parties are not indispensable. *Newman–Green*, 490 U.S. at 830–32. Dropping nondiverse parties restores complete diversity and, thus, "cures" the "jurisdictional defect." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *see also In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) ("One such 'method of curing a jurisdictional defect [that has] long been an exception to the time-of-filing rule' is when a jurisdictional defect is 'cured by the dismissal of the party that had destroyed diversity.'") (quoting *Grupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567, 572 (2004)). When a nondiverse party is dropped pursuant to Rule 21, the dropping of the nondiverse party relates back to the original filing. *Grupo Dataflux*, 541 U.S. at 572. This method of satisfying subject matter jurisdiction

has long been approved by the Supreme Court.  *See id.* at 572–73 ("That method of curing a jurisdictional defect had long been an exception to the time-of-filing rule.") (citing *Horn v. Lockhart*, 17 Wall. 570, 579 (1873) ("the jurisdiction of the court should be retained and the suit dismissed as to them")).  That is because the "considerations of efficiency, fairness, and judicial economy weigh against a wholesale dismissal of the action."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420–21 (3d Cir. 2010).

Rule 21 extends to all parties, including plaintiffs.  *See, e.g., Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901–02 (4th Cir. 2014) (dismissing one of the plaintiffs in a quiet title action involving ownership of oil and gas rights where the remaining plaintiffs would adequately represent the dropped plaintiff's interests); *Second State Enterprises, Inc. v. Mid-Atl. Investments, LLC*, No. 14-00433, 2014 WL 4091846, at *4 (M.D. Pa. Aug. 18, 2014)[2] (dropping one of the plaintiffs from the action in order to have diversity jurisdiction).

Here, the Alta Defendants contend that an individual at the bottom of its layers of membership is a citizen of Massachusetts.  Because Plaintiff Hochberg is a citizen of Massachusetts, the Alta Defendants' recent discovery of its member's status would defeat diversity jurisdiction.[3]  To cure this jurisdictional defect,

---

[2] The opinion in *Second State* is attached as required by Local Rule 7.8.

[3] For purposes of this Motion, Plaintiffs are not contesting the Alta Defendants' claimed citizenship despite doubts regarding the timing of their

Plaintiffs seek to drop Plaintiff Hochberg from this action pursuant to Rule 21. *Newman–Green*, 490 U.S. at 830–32.

Notably, "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." *Americold Realty Tr. v. Conagra Foods, Inc*., 136 S. Ct. 1012, 1016 (2016); *see also Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1228 (9th Cir. 2019) (holding that because the trustee was sued in its own name, under *Americold*, only that trustee's citizenship matters for diversity). Because the lawsuit would now be in just Plaintiff Kendall's name, only his citizenship is taken into account for diversity purposes. *Doermer v. Oxford Fin. Grp., Ltd.,* 884 F.3d 643, 647 (7th Cir. 2018) (holding that where one trustee sued in his name, the court looks to only his citizenship and not the citizenship of his co-trustee for determining diversity jurisdiction). Therefore, dropping Plaintiff Hochberg will allow this Court to retain its subject matter jurisdiction.

As set forth below, Plaintiff Hochberg is not a necessary or indispensable party; therefore, the Court can drop her from this action in order to preserve jurisdiction.

---

"discovery." Because the Court's subject matter jurisdiction can be preserved by simply dropping Plaintiff Hochberg, Plaintiffs seek to avoid any delay from participating in jurisdictional discovery of the Alta Defendants.

## II.     Plaintiff Hochberg Is Not an Indispensable Party under Rule 19.

When faced with a motion to drop a party under Rule 21, courts look to whether the party to be dropped is indispensable under Rule 19.  As an initial matter, Plaintiff Hochberg does not meet Rule 19(a)'s standard for a necessary party.

Under Rule 19(a), a party is a necessary or required party if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). A party is also deemed necessary if the party has an interest in the action such that disposing of the interest in the party's absence might (1) "impair or impede the person's ability to protect the interest" or (2) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i)—(ii).  Here, the Court can grant complete relief among the remaining parties, Plaintiff Hochberg's interests as trustee will not be impaired or impeded and no party will be subject to incurring double, multiple or inconsistent obligations.

Plaintiff Kendall is a co-trustee of the PHT who is authorized to sue and be sued in his name on behalf of the PHT.  Under the trust laws of both Pennsylvania and Massachusetts, a single trustee can bring a lawsuit in his capacity as trustee

where he has the consent of his co-trustee.[4] *See* 20 Pa. C.S. § 7763 (adopting the uniform trust code, which provides that a single trustee can bind the trust where he has the consent of his co-trustee or a majority of the trustees); *DeLongchamps v. Duquette,* 24 Mass.App.Ct. 976, 976, 512 N.E.2d 1146 (1987) (explaining consent of co-trustee or majority of trustees binds the trust to the actions of a single trustee); *see also Doermer,* 884 F.3d at 648 (holding the trustee did not have the capacity to sue because he did not obtain the consent of his co-trustee). Plaintiff Kendall has obtained Plaintiff Hochberg's consent to pursue this action. *See* Ex. 1 to Mot. at ¶ 3. Therefore, he has the capacity to bind the PHT through this lawsuit continuing only in his name as trustee.

Because this lawsuit will be binding on the parties, there is no risk to Defendants that they would be subject to a separate lawsuit – meaning that they cannot incur double, multiple or inconsistent obligations. As such, Plaintiff Hochberg is not a necessary party under Rule 19(a). Where a party is not necessary, that party is "by definition not 'indispensable' to the action." *Mallalieu– Golder Ins. Agency, Inc. v. Executive RiskIndem. Inc.,* 254 F.Supp.2d 521, 525

---

[4] Under Rule 17(b), the capacity to sue is determined by the law of the state where the court is located, which would be Pennsylvania law. However, the Pennsylvania Uniform Trust Act provides that the law set forth in the trust instrument controls, which would be Massachusetts. 20 Pa. C.S. § 7707. Here, both Pennsylvania and Massachusetts have adopted the Uniform Trust Code and both states permit a single trustee acting with the consent of the co-trustee to bind the trust. Therefore, there is no need to conduct a choice of law analysis.

(M.D. Pa. 2003); *see also Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 438–39 (E.D. Pa. 2018) (holding that the non-diverse defendant was not necessary and indispensable and therefore, it could be dropped as a party to maintain jurisdiction).

Even if the Court assumed that Plaintiff Hochberg was a necessary party under Rule 19(a), she does not qualify as an indispensable party under Rule 19(b). *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007). The Third Circuit has held that parties are indispensable if "in the circumstances of the case [they] must be before the court." *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1011 (3d Cir.1987) (internal quotations omitted). In other words, indispensable parties are "'[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *Id.* (quoting *Shields v. Barrow,* 58 U.S. 130, 139 (1854)).

The factors to consider include: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;" (2) "the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping relief, or other measures;" (3) "whether a judgment rendered in the person's absence would be adequate; and" (4)

"whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

First, the entry of a judgment in Plaintiff Hochberg's absence will not prejudice her or any remaining party.  She has provided her consent to Plaintiff Kendall to proceed in this lawsuit.  *See* Ex. 1 to Motion.  He will adequately represent her interests and bind the PHT.  *See Trans Energy*, 743 F.3d at 901–02 (dismissing one of the plaintiffs in a quiet title action involving ownership of oil and gas rights where the remaining plaintiffs would adequately represent the dropped plaintiff's interests); *Second State*, 2014 WL 4091846, at *4 (dropping one of the plaintiffs to maintain diversity jurisdiction where the dropped plaintiff did not have any independent basis of liability asserted by or against it). Therefore, the first factor supports a finding that Plaintiff Hochberg is dispensable.

Second, although there is no foreseeable prejudice to Defendants by dropping Plaintiff Hochberg, the Court can shape the relief to ensure Defendants are not at risk of any duplicative lawsuit.  The Court can hold that any judgment in this action is binding on the PHT, which it would be as a matter of law.  Therefore, the second factor supports a finding that Plaintiff Hochberg is dispensable.

Third, a judgment rendered in Plaintiff Hochberg's absence will be adequate.  The Third Circuit has interpreted the third factor to include two main considerations: (1) whether the requested relief will provide an adequate remedy

for the plaintiff, and (2) whether the action satisfies the "public stake in settling disputes by wholes, whenever possible." *Gen. Refractories Co.,* 500 F.3d at 320–21. The absence of Plaintiff Hochberg does not impact the relief requested by Plaintiff Kendall on behalf of the PHT. Therefore, it will remain adequate. Additionally, the dispute will be resolved in its entirety in this Court with no need for subsequent litigation. Therefore, the third factor supports a finding that Plaintiff Hochberg is dispensable.

Fourth, this matter has been proceeding in this Court for almost a year and although Plaintiffs could proceed with this action in state court, there are procedural hurdles that Plaintiffs anticipate from Defendants that will significantly delay the resolution of this case. Plaintiffs have had similar cases in state court in which the pleadings have not closed after years of litigation, precluding any party from filing summary judgment. Here, Plaintiffs have already filed a motion for partial summary judgment and the Alta Defendants have raised their ability to avoid responding to that motion in state court because they have not yet answered the complaint.[5] Thus, certain procedural hurdles from a transfer to state court

---

[5] The Alta Defendants' concerted effort to avoid the merits of this case is apparent from their multiple motions to dismiss (including a motion that could at most impact an alternative claim for relief), months-long delays in producing documents now resulting in an outright refusal to do so, and their late discovery of their own citizenship after Plaintiffs filed the motion for partial summary judgment.

would unnecessarily delay this action.  The court's decision between wholesale dismissal or dismissal of the non-diverse party should "be made in the light of pragmatic considerations," such as efficiency, fairness, and judicial economy.  Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment; *see also Zambelli*, 592 F.3d at 421.  Even if state court is deemed an adequate forum, the weight of the other factors weigh heavily in favor of this action proceeding in this Court. *Second State*, 2014 WL 4091846, at *6 (holding that the balance of factors weighed in favor of dismissing the non-diverse dispensable party).  Here, the "considerations of efficiency, fairness, and judicial economy weigh against a wholesale dismissal of the action."  *Zambelli*, 592 F.3d at 420–21.

Because Plaintiff Hochberg is not an indispensable party, or even a necessary party, she can be dropped from this action under Rule 21 in order to cure any alleged jurisdictional defect.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion and enter an order dropping Plaintiff Ann P. Hochberg from this civil action.

Dated: February 3, 2021       Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange
   Pa. ID No. 310733
1670 Sturbridge Drive
Sewickley, PA 15143
lange@proctortrust.com

Justin G. Weber (PA 89266)
TROUTMAN PEPPER
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Justin.Weber@troutman.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court today via the Court's CM/ECF, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system.

Dated:  February 3, 2021       /s/ *Laura A. Lange*